

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 22, 1968

Honorable James E. Barlow
Criminal District Attorney
Bexar County, Texas
County Courthouse
San Antonio, Texas  78204

Dear Mr. Barlow:

Opinion No. M-294

Re: Persons authorized to exe-
cute deeds for taxing units
in private sales made pur-
suant to Article 7345b,
Vernon's Civil Statutes.

Your request for an opinion reads, in part, as follows:

"As provided for in Article 7345b,
Sections 8 and 9, VACS, governmental agen-
cies in Bexar County, Texas, average five
private sales per month for less than the
amount of the judgment or the adjudged
value of property, acquired by these govern-
mental agencies at the monthly Sheriff's
sales. The issue in question is: 'Who is
authorized to sign deeds in behalf of the
State of Texas and Bexar County in these
private sales?'" (Emphasis added.)

The applicable portions of Article 7345b, Vernon's
Civil Statutes, read as follows:

"Sec. 9. . . . The taxing unit may sell
and convey said property so purchased by it
. . . but such property shall not be sold by
the taxing unit purchasing the same, at private
sale, for less than the adjudged value thereof,
if any, as established in the tax judgment, or
the total amount for which such judgment was
rendered against the property in said suit,
whichever is lower, without the written consent
of all taxing units which in said judgment
shall have been found to have tax liens against
said property. All such consents shall be evi-
denced by the joinder in the conveyance by the

-1419-

consenting taxing units, acting by the offi-
cers herein authorized to give such consents.
Consent to such sales in behalf of the State
of Texas may be given by the County Tax Col-
lector of the County in which the property is
located; and consents on behalf of other tax-
ing units may be given by the presiding officers
of their governing bodies. Deeds executed here-
under by taxing units shall be executed in their
behalf by the presiding officer of their govern-
ing body and whose authority to so act in any
given case shall be prima facie presumed . . .
If the State of Texas is the taxing unit which
purchased said property at the tax foreclosure
sale, the Commissioners Court of the county in
which the property is located shall have author-
ity to act for the State of Texas in making
private sales and conveyances of said property,
as herein provided, or in requesting the Sheriff,
or in appointing a Commissioner, to make public
sale thereof, and in receiving and distributing
the proceeds of such sales; and all sales and
conveyances made in behalf of the State of Texas
by the Commissioners Court, or made by the Sher-
iff or any Commissioner appointed by the Commis-
sioners Court, under the provisions hereof, shall
operate to transfer to the purchaser at such sale
all right, title and interest acquired or held
by the State of Texas as purchaser at the tax
foreclosure sale. Any taxing unit, Sheriff, or
Commissioner appointed by a taxing unit, making
any sale under provisions hereof shall execute and
deliver to the purchaser at such sale a deed of
conveyance, conveying all right, title and inter-
est of all the taxing units interested in the tax
foreclosure judgment in and to the property so
sold; . . ." (Emphasis added.)

In those cases where a taxing unit other than the State
of Texas is the purchaser at the tax foreclosure sale, the tax-
ing unit which purchased at the tax foreclosure sale, acting
in the role of grantor, by and through the presiding officer of
its governing body, should execute and deliver a deed conveying
all right, title and interest of all the taxing units interest-
ed in the tax foreclosure judgment in and to the property sold.

When the State is the purchaser at the tax foreclosure sale, the State acting in the role of grantor, by and through the commissioners court of the county in which the property is located should execute and deliver the same type of deed to the purchaser.  In each sale, if they so desire, when authority and approval is given by the commissioners court for the sale and conveyance, the commissioners court may empower the county judge, as their presiding officer, to execute the conveyance in behalf of the State of Texas and the court. Such action should be reflected in the minutes of the court.

When a taxing unit other than the State of Texas is the purchaser at the tax foreclosure sale and acts as grantor in the deed to the purchaser, consent of all other taxing units involved should be evidenced by their joinder in the conveyance, with the State of Texas acting by and through the county tax collector of the county in which the property is located, and with the other taxing units acting by and through the respective presiding officers of their governing bodies; and in such cases the tax collector of the county is the only official authorized to act for the State in giving the latter's consent.

When the purchaser at the tax foreclosure sale is the State of Texas and it acts as grantor in the deed to the purchaser, the same rules of consent and joinder in the conveyance apply, except that the consent of the State of Texas is evidenced through the actions of the commissioners court; hence the consent and joinder of the county tax collector in the conveyance in that instance is not required.

Our opinion herein is supported by and in harmony with Attorney General's Opinion No. V-695 (1948), wherein the county was purchaser, and it was held that, "If the land is sold at private sale, the Commissioner's Court acts as a body in making such sale, and the 'presiding officer' of the court should execute the deed of conveyance."

"Conveyance" is defined in Texas Electric Ry.Co. vs. Neale, 244 S.W.2d 329 (Tex.Civ.App. 1951, rev. on other grounds, 151 Tex. 526, 252 S.W.2d 451), from which we quote:

"The terms 'deed,' 'conveyance' and 'deed of conveyance' are frequently used

interchangeably to denote the same legal
concept. Each is commonly understood to
mean an instrument in writing whereby the
grantor conveys to the grantee some right,
title or interest in or to real property.
. . ."

Therefore, in view of the above considerations, the
consent contemplated by Article 7345b should be evidenced by
the joinder of the consenting party in a deed to the purchas-
er. The better practice would be for the consenting party
or parties to join in the execution and delivery of the deed
which is made by the taxing unit which purchased at the fore-
closure sale. However, it is the opinion of this office that
the intent of the Legislature can be effectively carried out
by the required consent being evidenced through the execution
and delivery of a separate instrument of conveyance which makes
reference to, joins in, and expressly adopts the conveyance
made by the taxing unit which purchased at the tax foreclosure
sale.

## SUMMARY

In sales by taxing units pursuant to Arti-
cle 7345b, Vernon's Civil Statutes, when the
purchaser at the tax foreclosure sale is a unit
other than the State, a deed of conveyance should
be executed and delivered by that unit, and with
the consent of the State of Texas to be evidenced
by the joinder in the conveyance by the county tax
collector of the county in which the property is
located, and with the consent of all other units
to be evidenced by the joinder in the conveyance
by the presiding officers of the governing bodies
of such units. When the State of Texas is the pur-
chaser at the tax foreclosure sale, the State, act-
ing by and through the commissioners court of the
county in which the property is located, should exe-
cute and deliver the same type of deed to the pur-
chaser; and the same rules of consent and joinder
in conveyance apply in such instance, except that
the consent of the State is evidenced through the
actions of the commissioners court, and the consent

and joinder of the county tax collector in the conveyance is not required.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alfred Walker
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
Louis Neuman
Harold Kennedy
Ben Harrison
James Broadhurst

A. J. Carubbi, Jr.
Executive Assistant